Eugene F. Sullivan, J.
This is an article 78 proceeding for an order directing’ the above-named Town Clerk of the Town of Salina to accept the petitioner’s application for a license under the ‘1 Bingo Licensing Law” (General Municipal Law, art. 14-G) and to process the said application as that of an authorized organization under the terms of said law and to issue to the petitioner a license if the application otherwise meets the requirements of the law' and the ordinances of the Town of Salina.
Petition shows that the petitioner is an nonprofit membership corporation whose membership consists of all the members of Local 320 of the International Union of Electrical Workers AFL-CIO, which is the duly certified representative of approximately 10,000 production and maintenance employees at the General Electric Company at Electronics Park, Liverpool, New York, that the membership in the said union, and, therefore, in said club, is open to all such employees, that the petitioner operates a large community facility at Liverpool, Town of Salina, which is regularly used by church and civic clubs as *681 well as by the union and that the club and union also operate a welfare fund for employees in distress.
Pursuant to article 19-B of the Executive Law and article 14-G of the General Municipal Law, the Town of Salina passed an ordinance legalizing Bingo in said town, and pursuant to section 498 of the said General Municipal Law, the authority, which is granted to the governing body of the township (here, the Town Board) was delegated to the respondent Town Clerk.
Thereafter, the petitioner made application to the Town Clerk for a permit to operate a Bingo game at its clubhouse in the Town of Salina but the Town Clerk stated that it would be necessary for the petitioner to secure, from the State Lottery Control Commission, an identification number establishing it as an authorized organization within the definition of subdivision 4 of section 476 of the General Municipal Law. The clerk’s supposed authority for requiring ‘ ‘ an identification number ’ ’ from the commission for the application is to be found in paragraph 1 of part II and paragraph 4 of part III of the “ Bules and Begulations of the State Lottery Control Commission” which were adopted pursuant to section 435 (subd. 1, par. [a]) of the Executive Law. These paragraphs read:
‘ ‘ 1. Every authorized organization desiring to apply for a license to conduct bingo shall register with the Commission and secure an identification number before making such application. ’ ’ “4. No application shall be accepted unless it bears the identification number assigned by the Commission and is accompanied by the license fee. ’ ’
The petitioner did make application to the commission for such a number which was denied by a letter dated November 20, 1958 but the commission suggested the desirability of an informal hearing which was held on January 13, 1959.
By a letter dated March 16, 1959 the commission again disapproved the application, stating, in part: ‘ ‘ After reviewing the written application and related correspondence, the testimony taken at the hearing and the memorandum submitted dated February 20th, the Commission adheres to its original decision that your organization is not an authorized organization within the purview of the Bingo Licensing Law (.Section 476, Subdivision 4, of the General Municipal Law).”
The petitioner again applied to the respondent Town Clerk to accept and act upon an application for a license but the request was refused.
From a reading of article 14-G of the General Municipal Law, the ‘ ‘ Bingo Licensing Law ’ ’, it seems clear that the Legislature intended and so provided that Bingo is a local matter, sub *682 ject to certain basic restrictions which are imposed by the article. By sections 477 and 478, the Legislature granted to every municipality the right, power and authority to authorize the conduct of Bingo games by authorized organizations within its territorial limits by means of local option. The restrictions imposing by section 479 do not prevent the inclusion of other provisions imposing additional restrictions upon the conducting of Bingo by the municipality.
As stated above, the Town Board delegated its authority under the statute to its Town Clerk. (§ 498, supra.) Hence, in the instant matter, ‘ ‘ Town Clerk ’ ’ will be substituted for “ governing body of the municipality ” where the term is employed in the text of the pertinent sections of article 14-0 hereinafter mentioned.
Section 480, entitled “ Application for license ”, provides that the applicant for a license shall file with the clerk of the municipality a written application in the form prescribed in the rules and regulations of the commission. The application shall Contain the data set forth in this section to enable the Town Clerk to determine whether or not the applicant is a bona fide authorised organisation. Section 481 provides that the Town Clerk shall make an investigation of the qualifications of each applicant and the merits thereof and if the Town Clerk shall determine that the applicant is duly qualified to be licensed under the “ Bingo License Law ” and the rules and regulations governing the holding, operation and conduct of all Bingo in the municipality and the other requirements set forth in this section, the Town Clerk shall issue a license to the applicant.
Section 482 provides that the issuing of a license shall not be denied by the Town Clerk until after a hearing, held on due notice to the applicant, at which the applicant shall be entitled to be heard upon the qualifications of the applicant and the merits of the application, and by the same section, the Town Clerk is authorised to amend an original license.
Section 483 provides that the form of the license shall be prescribed in the rules and regulations promulgated by the control commission with directives as to the contents of the license.
Section 484 gives the Town Clerk the control and supervision of all games of Bingo which are operated and conducted under a license and the Town Clerk, as well as the control commission, is given the power and authority to suspend any license issued a/nd to revoke the same, after notice and hearing, for violation of the “ Bi/ngo Licensing Law ”.
*683 Section 485 authorizes the Town Clerk to authorize in a license the conduct of Bingo on Sunday.
By section 493 the applicant for, or holder of, any license, who is aggrieved by any action of the Town Clerk, may appeal to the control commission from the determination of the Town Clerk in the manner prescribed in the section.
Although section 435 of the Executive Law reads that: “ 1. The commission shall have the power and it shall be its duty to: * * * adopt and amend rules and regulations governing the issuance and amendment of licenses thereunder ’ ’, this court is of the opinion that the Legislature did not intend to authorize the commission to determine, in the first instance, whether or not a license should be issued. A reading of the foregoing sections of article 14-G clearly indicates that this authority is entrusted to the governing body of the municipality, here, the Town Clerk. The extent of the commission’s duty in adopting rules and regulations is set forth in the section, viz.: to the end that licenses shall be issued to qualified licensees, only, that the games shall be fairly and properly conducted for the purposes and in accordance with the ‘ ‘ Bingo Licensing Law”, that the games shall not be conducted for commercial purposes, that participation in them by criminal or other undesirable elements will be prevented, and that the funds derived from the games will not be diverted from the purposes authorized ; and to provide uniformity in the administration of the law throughout the State by prescribing the forms of application for licenses, licenses, amendment of licenses, report of the conduct of games and other matters incident to the administration of the law. Nowhere in this section, or for that matter, in any other section or sections of article 19-B of the Executive Law and article 14-G- of the General Municipal Law, is the commission authorized to grant licenses. This authority is granted exclusively to the local governing body. However, if the commission, by its rule, is empowered to prescribe that an applicant must procure from the commission a number for the application before it may be filed with the local governing body, it follows that the commission, not the local governing body, is determining whether or not a license should be granted.
The problem posed in the instant matter is somewhat similar to the one before the Court of Appeals in Matter of Gross v. New York City Alcoholic Beverage Control Bd. (7 N Y 2d 531). In that case, the article 78 proceeding was brought by the owner and operator of a licensed restaurant for the sale of beer and cider at retail on the premises under the Alcoholic Beverage Control Law. Because there was an ever increasing demand *684 by the petitioner’s patrons for liquor and wine, he submitted, to the local board in accordance with the provisions of the Alcoholic Beverage Control Law, an application for a change of class of his license from beer and cider only, to liquor, wine and cider for on-premises consumption. The board refused to accept the application on the ground that the petitioner had failed to obtain the permission of the Liquor Authority to file an application for a waiver as required by the Liquor Authority’s rule 45. In his opinion, Judge Fuld wrote, at page 538: “ The change which rule 45 [here, pars. 1 & 4 of Pt. II of rules and regulations of “ the Bingo Licensing Law”] seeks to impose on the statutory scheme by requiring a pre-application waiver [here, a number] is no mere matter of detail; it goes to the very heart of the procedure prescribed by the Legislature in the Alcoholic Beverage Control Law [here, “Bingo Licensing Law”] * * * For this elaborately detailed legislative plan of application [here, afore-mentioned sections of the' General Municipal Law] and review, the Authority [here, the Commission] in rule 45 [here, rule above stated] would substitute the simple alternative of forbidding local boards [here, Town Clerk] to accept and act upon applications except when the Authority [here, Commission] issues a waiver [here, number] after a written application. ’ ’
A comparison of the context of rule 45 of the Liquor Authority with that of paragraphs 1 and 4 of part II of the Lottery Commission reveals that rule 45, although declared invalid by the Court of Appeals, would, at least, provide “ That any person may be granted a waiver of the foregoing limitation providing that he shall establish by proof satisfactory to the State Liquor Authority compliance with * * * [certain specified] conditions.” However, the subject Lottery Commission’s rule simply provides that the applicant ‘ ‘ shall register with the Commission and secure an identification number before making such application.”
Judge Fuld further wrote, on page 539: “ In view of all this, it may well be asked, how does the Authority seek to justify its action [here, commission]! * * * Although there are numerous sections of the Law which give the Authority [here, the Commission] express power to promulgate rules [here, Executive Law, § 435, and General Municipal Law, §§ 480, 481, 483 and 484], it is clear that neither section 2, section 17, section 111 [Alcoholic Beverage Control Law, supplied] nor any other provision authorizes it to enact so far-reaching a change as rule 45 makes in the application procedure prescribed by the statute. Thus, section 2 declares the policy of the Alcoholic Beverage *685 Control Law and section 111 merely provides that there shall be no transfer of licenses unless the Authority in its discretion so decides. However, as indicated, neither of those sections may reasonably or, indeed, conceivably be read to empower the Authority to prescribe a variant procedure for license applications.” And on page 540: “rule 45, * * * actually provides for an alternative method of granting licenses. * * * More specifically, to state the matter briefly, the Authority is without power to adopt a scheme of its own to deal with applications for licenses and employ it as a substitute for that provided by the Legislature.”
In the instant case, it seems to this court that the commission’s rule which requires an applicant to procure a number before the application may be filed with the Town Cleric is an alternative method of granting licenses.
What is more, in the instant case, the commission denied the petitioner’s application for a license on the ground that the petitioner was not an authorized organization within the purview of the 1 ‘ Bingo Licensing Law ’ ’. However, subdivision 1 of section 480 of the General Municipal Law specifically states that the application to be filed with the clerk shall contain sufficient facts relating to the applicant’s incorporation and organization to enable the governing body of the municipality to determine whether or not it is a bona fide authorised organisation. Subdivision 1 of section 481 states that the governing body shall issue a permit if it, after investigation, determines, among other things, that the applicant is qualified to be licensed. Nowhere in these sections, or in other sections of related statutes, is the commission empowered, in the first instance at least, to determine whether or not an applicant is qualified to be licensed.
From this court’s reading and interpretation of article 19-B of the Executive Law and of article 14-G of the General Municipal Law, and in applying the reasoning and authority in Matter of Gross v. New York City Alcoholic Beverage Control Bd. (supra) to determine the intent of the Legislature in enacting these articles, this court is led to the conclusion that the petitioner may have an order directing the respondent Town Clerk to accept and file petitioner’s application for a license and to process the same in accordance with the provisions of the applicable sections of article 14-G of the General Municipal Law.
Of course, this court does not herein determine whether or not the petitioner is a qualified organization for a license under the statute. Such is for determination by the respondent Town Clerk in and after compliance with the statute.